JRS/EBP: USAO 2017R00041

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| UNITED STATES OF AMERICA | * |
| | * |
| v. | * CRIMINAL NO. PX17cr352 |
| | * |
| PATRICK NATHAN BROXTON, | * (Conspiracy to Distribute and |
|     a/k/a "Nique," | * Possess with Intent to Distribute |
| STEPHEN EUGENE CLARK, JR., | * Controlled Substances, 21 U.S.C. |
|     a/k/a "Unc," | * § 846; Forfeiture, 21 U.S.C. § 853, |
| CHARLES BENJAMIN STEWART, JR., | * 28 U.S.C. § 2461(c)) |
|     a/k/a "Chaz," | * |
|     a/k/a "Lil' Charles," | * FILED UNDER SEAL |
|     a/k/a "C," | * |
| STEPHEN MICHAEL KINNISON, and | * |
| ROBERT EUGENE DAVIDSON, | * |
| | * |
| Defendants | * |
| | * |

*******

**INDICTMENT**

**COUNT ONE**
(Conspiracy to Distribute and Possess with Intent to Distribute Controlled Substances)

The Grand Jury for the District of Maryland charges that:

**The Conspiracy**

1. Beginning at least in or about June 2016 and continuing through in or about June 2017, in the District of Maryland and elsewhere, the defendants,

**PATRICK NATHAN BROXTON,**
a/k/a "Nique,"
**STEPHEN EUGENE CLARK, JR.,**
a/k/a "Unc,"
**CHARLES BENJAMIN STEWART, JR.,**
a/k/a "Chaz,"
a/k/a "Lil' Charles,"
a/k/a "C,"
**STEPHEN MICHAEL KINNISON, and**
**ROBERT EUGENE DAVIDSON,**

did knowingly combine, conspire, confederate, and agree with each other and others, known and unknown to the Grand Jury, to distribute and possess with the intent to distribute (i) 100 grams or more of a mixture or substance containing a detectable amount of heroin, and (ii) a mixture and substance containing a detectable amount of cocaine, a Schedule II controlled substance, all in violation of 21 U.S.C. § 841.

2. With regard to the defendants,

PATRICK NATHAN BROXTON,
a/k/a "Nique,"
CHARLES BENJAMIN STEWART, JR.,
a/k/a "Chaz,"
a/k/a "Lil' Charles,"
a/k/a "C," and
STEPHEN MICHAEL KINNISON,

the amount involved in the conspiracy attributable to them as a result of their own conduct, and the conduct of other conspirators reasonably foreseeable to them, is (i) 100 grams or more of a mixture or substance containing a detectable amount of heroin, in violation of 21 U.S.C. § 841(b)(1)(B)(ii), and (ii) a quantity of a mixture and substance containing a detectable amount of cocaine, a Schedule II controlled substance, in violation of 21 U.S.C. § 841(b)(1)(C).

3. With regard to the defendant,

STEPHEN EUGENE CLARK, JR.,
a/k/a "Unc,"

the amount involved in the conspiracy attributable to him as a result of his own conduct, and the conduct of other conspirators reasonably foreseeable to him, is a quantity of a mixture and substance containing a detectable amount of cocaine, a Schedule II controlled substance, in violation of 21 U.S.C. § 841(b)(1)(C).

4. With regard to the defendant,

**ROBERT EUGENE DAVIDSON,**

the amount involved in the conspiracy attributable to him as a result of his own conduct, and the conduct of other conspirators reasonably foreseeable to them, is 100 grams or more of a mixture or substance containing a detectable amount of heroin, in violation of 21 U.S.C. § 841(b)(1)(B)(ii).

21 U.S.C. § 846

# FORFEITURE ALLEGATION

The Grand Jury for the District of Maryland further finds that:

1. Pursuant to Rule 32.2, Fed. R. Crim. P., notice is hereby given to the defendants that the United States will seek forfeiture as part of any sentence in accordance with 21 U.S.C. § 853 and 28 U.S.C. § 2461(c), in the event of the defendants' convictions under Count One of this Indictment.

## Narcotics Forfeiture

2. Pursuant to 21 U.S.C. § 853(a), upon conviction of an offense in violation of the Controlled Substances Act, as alleged in Count One of this Indictment, the defendants,

**PATRICK NATHAN BROXTON,**
a/k/a "Nique,"
**STEPHEN EUGENE CLARK, JR.,**
a/k/a "Unc,"
**CHARLES BENJAMIN STEWART, JR.,**
a/k/a "Chaz,"
a/k/a "Lil' Charles,"
a/k/a "C,"
**STEPHEN MICHAEL KINNISON, and**
**ROBERT EUGENE DAVIDSON,**

shall forfeit to the United States of America:

    a. any other property constituting, or derived from, any proceeds obtained, directly or indirectly, as the result of such violations; and

    b. any property used or intended to be used, in any manner or part, to commit, or to facilitate the commission of, such violations.

3. The property to be forfeited includes, but is not limited to, the following:

    a. 2008 Mercedes E350 (VIN: WDBUF87X78B324871);

    b. 1999 Jeep Grand Cherokee (VIN: 1J4GW58S6XC725167);

    c. 2013 Chevrolet Tahoe (VIN: 1GNSKBE07DR377540);

4

    d.    2013 BMW motorcycle (VIN: WB1053402DZL16964);

    e.    2011 Honda Crosstour (VIN: 5J6TF2H52BL006921);

    f.    2002 Chevrolet Silverado (VIN: 1GCGK29U72Z277401); and

    g.    $500,000, in that such sum in aggregate was furnished or intended to be furnished in exchange for controlled substances and constitutes proceeds traceable to such exchanges and was used or intended to be used to facilitate a violation of the Controlled Substances Act.

### Substitute Assets

4. If, as a result of any act or omission of the defendant, any such property subject to forfeiture:

    a.    cannot be located upon the exercise of due diligence;

    b.    has been transferred or sold to, or deposited with, a third person;

    c.    has been placed beyond the jurisdiction of the Court;

    d.    has been substantially diminished in value; or

    e.    has been commingled with other property which cannot be subdivided without difficulty,

the United States of America shall be entitled to forfeiture of substitute property, pursuant to 21 U.S.C. § 853(p).

21 U.S.C. § 853
28 U.S.C. § 2461(c)

Stephen M. Schenning
Acting United States Attorney

A TRUE BILL:

SIGNATURE REDACTED

Foreperson

Date:  June 28, 2017